## IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

IN RE:

**MARIA E. MARTINEZ COLON**

**Debtor**

CASE NO. 13-09493 BKT
**Chapter 7**

**FILED & ENTERED ON 7/21/2014**

### OPINION AND ORDER

Before this Court is an Objection to Debtor's Claimed Exemptions in Schedule C Docket No. 1 P. 25 [Dkt. No. 12 & 17] filed by the chapter 7 Trustee ("Trustee"), the Response to Trustee's Objection to Claimed Exemptions on Motor Vehicle and Individual Retirement Account [Dkt. No. 18] filed by Debtor, Maria Elena Martínez Colón ("Ms. Martínez"), the Trustee's Reply to Debtor's Response to Trustee's Objections [Dkt. No. 21], and Ms. Martínez's Sur-Reply to Trustee's Reply Regarding Objection to Debtor's Claim of Exemptions [Dkt. No. 28]. For the reasons set forth below, the Trustee's Objection to Debtor's Claimed Exemptions in Schedule C Docket No. 1 P. 25 is DENIED in part and TAKEN UNDER ADVISEMENT in part, pending an evidentiary hearing.

### I.    Factual Background

On November 14, 2013, Ms. Martínez filed her voluntary petition seeking relief pursuant to Chapter 7 of the Bankruptcy Code [Dkt. No. 1]. Among her Schedule C exemptions, Ms. Martínez claims a 2008 Toyota RAV4 "Sport" ("Toyota") with mileage of 50,000 pursuant to 32 L.P.R.A. § 1130(6). Ms. Martínez also claims as exempt a qualified individual retirement

1

account ("IRA") with Banco Popular in the amount of $14,812.54. The IRA exemption is claimed pursuant to 11 U.S.C. § 522(b)(3)(C).

On January 8, 2014, the Trustee filed her objection to the Debtor's aforementioned claimed exemptions ("Objection"). In regards to the Toyota, the Trustee argues that 32 L.P.R.A. § 1130(6) does not account for a motor vehicle exemption. The Trustee states that the Puerto Rican Legislature's addition of a specific motor vehicle exemption in § 1130(4a), renders any argument in favor of a § 1130(6) motor vehicle exemption superfluous. In the alternative, if the Toyota is exempt pursuant to § 1130(6), the Trustee states it should abide by § 1130(4a)'s $6,000.00 exemption limitation. Furthermore, the Trustee objects to Ms. Martínez's IRA exemption pursuant to 11 U.S.C. § 522(b)(3)(C). She argues that (1) the claimed exempt amount in the IRA is not exempt pursuant to § 522(b)(3)(C) as it is not exempt from taxation, and (2) the IRA is not a qualified IRA.

On April 1, 2014, Ms. Martínez submitted her response to the Trustee's objection [Dkt. No. 18]. In regards to the Toyota, Ms. Martínez disagrees with the Trustee's interpretation of § 1130(6). Ms. Martínez argues that the plain language of § 1130(6) exempts the Toyota as it is essential to transport materials for her profession, and she falls under the category of "other laborer." Furthermore, she believes that the Trustee has not complied with her burden of establishing that the IRA has lost its exempt status pursuant to 26 U.S.C. § 408(e). Ms. Martínez asserts that the IRA has been preserved as deposited, without any disqualifying event.

Thereafter, on March 9, 2014, the Trustee replied to Ms. Martínez's response [Dkt. No. 21]. As for the Toyota, the Trustee emphasized her position that § 1130(6) specifically grants an exemption to equipment used by "a physician, surgeon or minister of the gospel, in making his

2

professional visits." She believes that § 1130(6) only applies to members of "learned professions," and as an interior designer Ms. Martínez is not such a member. The Trustee also reemphasized her position that even if the Toyota is exempt, it should abide by § 1130(4a)'s $6,000.00 exemption limitation. She further noted that in 2012, Ms. Martínez's IRA earned $522.47 in interests, which she argues are non-exempt. In the alternative, the Trustee argues that if the IRA funds are exempt, the court should determine the maximum amount considered reasonably necessary for the support of the Debtor and any of her dependents.

Lastly, on April 1, 2014, Ms. Martínez submitted her sur-reply to the Trustee's reply [Dkt. No. 28]. Contrary to the Trustee's argument, Ms. Martínez argues that there is nothing in the applicable statutes that suggests §1130(6) is intended for "learned professionals." She states that the Toyota falls under §1130(6)'s "reasonableness" standard given the vehicle's nature and age. Ms. Martínez reemphasizes her position that there has been no disqualifying event that could foreclose the Bankruptcy Code's wide protection of her IRA. She states that she has not made any transaction with said funds since she renewed the IRA in 2010, and that the IRA's interest has remained in the account. Ms. Martínez believes that denying the exemption and allowing for its liquidation at this juncture in her life would create an unfair and insurmountable economic burden, thwarting Congress' public policy of favoring retirement accounts by excluding them from garnishment and the bankruptcy estate.

## II. Legal Analysis and Discussion

It is well settled that "[w]hen a debtor files a bankruptcy petition, all of his [or her] property becomes property of the bankruptcy estate." Taylor v. Freeland & Kronz, 503 U.S. 638, 642 (citing 11 U.S.C. § 541). However, the Bankruptcy Code "allows a debtor to prevent the

3

distribution of certain property by claiming it as exempt." Id. A debtor "may only claim either the federal exemptions or the ones provided by his/her state, provided that such state has not opted-out of the federal exemption scheme." In re Hernandez, 487 B.R. 353, 362 (Bankr. D.P.R. 2013). As of yet, "Puerto Rico has not enacted legislation expressly opting-out of the federal exemption system." Id. at 362-63. Ms. Martínez elected her exemptions pursuant to 11 U.S.C. § 522(b)(3). At issue are Ms. Martínez's claimed exemptions for the entire value of her Toyota and her IRA.

**A. The 2008 Toyota RAV4 "Sport"**

In her Schedule C, Ms. Martínez claimed the entire value of her Toyota as exempt pursuant to 32 L.P.R.A. § 1130(6). The aforementioned statute states that the following property is exempt:

> (6) Two (2) oxen, two (2) horses, or two (2) mules, and their harness; and one cart, wagon, dray or truck by the use of which a cartman, drayman, truckman, huckster, peddler, hackman, teamster or other laborer habitually earns a living; and one horse with vehicle and harness, or other equipment used by a physician, surgeon or minister of the gospel, in making his professional visits, with food for such oxen, horses or mules for one month.

32 L.P.R.A. § 1130. In Quiñones v. Gutierrez, 29 D.P.R. 772 (1921), Puerto Rico's Supreme Court examined the scope of judicial interpretation allowed under 32 L.P.R.A. § 1130. The Quiñones court held that the exemption statutes were to be interpreted in the most favorable light to the debtor. Quiñones, 29 D.P.R. at 773. "It then follows that the terms 'tools or implements' and 'other equipment' used in 32 L.P.R.A. §§ 1130(4) and (6), respectively, are applicable to include properties that would otherwise be excluded under a strict technical interpretation." In re Rivera, 499 B.R. 175, 183-84 (Bankr. D.P.R. 2013) (citing Quiñones, 29 D.P.R. at 777). As a

4

result, a doctor who regularly took house calls was allowed to claim his automobile as exempt as it constituted "other equipment." Quiñones, 29 D.P.R. at 776-77.

It is important to note that the § 1130 exemptions "are repairing in nature, and thus its statutes must be construed in the most liberal light to effectuate the humanitarian purpose of the lawmaker. Rivera, 499 B.R. at 183-84 (citing Laguna v. Quiñones, 23 D.P.R. 386, 389 (1916)). Ms. Martínez asserts that although § 1130(6) does not expressly exempt "motor vehicles," the aforementioned statute's liberal construction includes her Toyota. The court agrees.   Following the liberal interpretation of Puerto Rico's exemption statutes, and the Puerto Rico Supreme Court's precedent allowing for the inclusion of automobiles under 32 L.P.R.A. § 1130(6), the court finds that the Toyota is exempt. Section 1130(6) specifically states "one cart . . . by the use of which a . . . laborer habitually earns a living" is exempt. 32 L.P.R.A. § 1130(6). The term "laborer" is synonymous with the term "worker." Black's Law Dictionary (9th ed. 2009), laborer. A "worker" is defined as "[a] person who offers to perform services for compensation in the employ of another." Black's Law Dictionary (9th ed. 2009), worker. Ms. Martínez profession as a designer/decorator qualifies her as a "worker" and thus a "laborer" within the meaning of 32 L.P.R.A. § 1130(6). Furthermore, given the liberal interpretation of § 1130, the court interprets "cart" as the modern day version of a vehicle. Thus, as the Trustee has not rebutted Ms. Martínez's declaration that the Toyota is essential to conduct her professional responsibilities, the Toyota is exempt pursuant to § 1130(6).

As for the Trustee's argument that the Toyota should limited to a $6,000.00 limit, the court disagrees. When interpreting a statute, the court must start with the statute's plain text. In re BankVest Capital Corp., 360 F.3d 291, 296 (1st Cir. 2004). "In this case it is also where the

5

inquiry should end, for where, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms." U.S. v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989) (citing Caminetti v. United States, 242 U.S. 470, 485, (1917)). The statutory language before us expresses no monetary limitation on the § 1130(6) exemption. If the Puerto Rican legislature had intended to provide said limitation it could have easily done so. Thus, the vehicle is exempt as to the entire claimed value.

### B. The Qualified Individual Retirement Account

As previously mentioned, Ms. Martínez elected the exemptions she is entitled to pursuant to 11 U.S.C. § 522(b)(3). In addition to state law exemptions, § 522(b)(3) entitles Ms. Martínez to exempt "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." 11 U.S.C. § 522(b)(3)(C). Section 408 of the Internal Revenue Code is entitled "Individual Retirement Accounts" and it reads:

> (a) Individual retirement account.--For purposes of this section, the term "individual retirement account" means a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries, but only if the written governing instrument creating the trust meets the following requirements:
>
> (1) Except in the case of a rollover contribution described in subsection (d)(3) in section 402(c), 403(a)(4), 403(b)(8), or 457(e)(16), no contribution will be accepted unless it is in cash, and contributions will not be accepted for the taxable year on behalf of any individual in excess of the amount in effect for such taxable year under section 219(b)(1)(A).
>
> (2) The trustee is a bank (as defined in subsection (n)) or such other person who demonstrates to the satisfaction of the Secretary that the manner in which such other person will administer the trust will be consistent with the requirements of this section.

6

(3) No part of the trust funds will be invested in life insurance contracts.

(4) The interest of an individual in the balance in his account is nonforfeitable.

(5) The assets of the trust will not be commingled with other property except in a common trust fund or common investment fund.

(6) Under regulations prescribed by the Secretary, rules similar to the rules of section 401(a)(9) and the incidental death benefit requirements of section 401(a) shall apply to the distribution of the entire interest of an individual for whose benefit the trust is maintained.

26 U.S.C. § 408. The court is yet to see any evidence of "compliance with *Section 522(b)(3)(C) of the Bankruptcy Code* nor" has Ms. Martínez demonstrated that the IRA she claims as exempt is "tax-exempted under the pertinent sections of the *Internal Revenue Code*." Rivera, 499 B.R. at 190 (emphasis added). The Trustee put forward evidence that suggests the IRA is a non-exempt individual retirement account, and that the IRA's interest is also non-exempt. Ms. Martínez correctly points out that "there is a statutory presumption that [her] account is exempt." In re Daley, 717 F.3d 506, 508 (6th Cir. 2013). However this presumption relies upon the retirement account having "received a favorable determination from the" Internal Revenue Service. Id. (citing 11 U.S.C. § 522(b)(4)(A)). There has been no such determination by the Internal Revenue Service in the matter at hand. Moreover, the tax information presented by Ms. Martínez does not mention any policy or compliance with the Internal Revenue Service. Consequently, an evidentiary hearing is warranted for Ms. Martínez's claimed exemption pursuant to 11 U.S.C. §

7

522(b)(3)(C). Pursuant to Fed. R. Bankr. P. 4003, the Trustee will bear the burden of proving the exemption is not properly claimed.

Lastly, the court feels compelled to point both parties to P.R. LBR 9070-1. The rule states: "All exhibits and documentary evidence in Spanish or other language shall be fully translated to the English language by a certified translator." P.R. LBR 9070-1. Any evidence presented that does not comply with this rule will not be admitted into evidence.

**III. Conclusion**

WHEREFORE, IT IS ORDERED that the Trustee's Objection to Debtor's Claimed Exemptions in Schedule C Docket No. 1 P. 25 shall be, and it hereby is, DENIED as to the Toyota and TAKEN UNDER ADVISEMENT as to the IRA, pending an evidentiary hearing. The Clerk is to schedule an evidentiary hearing. Seven (7) days prior to the hearing each party shall file proposed findings of fact and conclusions of law. Each finding of fact shall make reference to either a document or a witness through which the party intends to submit the fact into evidence.

In San Juan, Puerto Rico this 21st day of July, 2014.

Brian K. Tester
U.S. Bankruptcy Judge

8